UNITED STATES, Appellee,

v.

Donald L. CONLEY, Corporal, U.S. Marine Corps, Appellant.

No. 60,112.

NMCM 87 4027.

U.S. Court of Military Appeals.

June 26, 1989.

For Appellant: *Lieutenant Teresa A. McPalmer, JAGC, USNR* (argued).

For Appellee: *Lieutenant Commander Lawrence W. Muschamp, JAGC, USN* (argued); *Captain Wendell A. Kjos, JAGC, USN* (on brief); *Lieutenant B.E. Smircina, JAGC, USNR.*

*Opinion of the Court*

COX, Judge:

In keeping with his guilty pleas, appellant was convicted of one specification of unauthorized absence from February 3, 1986, to April 9, 1987, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. The adjudged sentence extended to a bad-conduct discharge, forfeiture of $435.00 pay per month for 6 months, and reduction to pay grade E–1. The convening authority approved the sentence. On February 4, 1988, the Court of Military Review issued a *per curiam* opinion affirming "the findings of guilty and only so much of the sentence as provides for forfeiture of $435.00 per month for 6 months and reduction to pay grade E–1," observing that "[t]he accused can be adequately punished without an unsuspended bad-conduct discharge."

On February 24, 1988, government counsel filed a motion for reconsideration with the Court of Military Review, which was

granted on March 4, 1988. On March 10, 1988, the court released an opinion-on-reconsideration, which "conclud[ed] that an unsuspended bad-conduct discharge" would have been "appropriate" after all. The court set aside its February 4 decision and affirmed the findings and sentence as approved below. We agreed to consider the following issue:

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW SHOULD BE PROHIBITED ON A PETITION FOR RECONSIDERATION FROM FINDING A PUNITIVE DISCHARGE TO BE APPROPRIATE WHEN THE COURT ORIGINALLY FOUND IT TO BE INAPPROPRIATE AND WHEN DURING THAT PERIOD OF TIME NO NEW LAW WAS CREATED AND NO NEW FACTS WERE MADE KNOWN TO THE COURT WARRANTING A REINSTATEMENT OF THE PUNITIVE DISCHARGE.

When the Court of Military Review published the second opinion, appellant had not appealed to this Court; the Judge Advocate General had not certified this case for our review; and the time for filing a motion for reconsideration had not expired. Therefore, the intermediate appellate court had jurisdiction to consider the petition for reconsideration. *United States v. Sparks,* 5 USCMA 453, 18 CMR 77 (1955); and Rule 19, Rules of Practice and Procedure for Courts of Military Review, 22 MJ CXXXIV.

Appellant relies on the following argument to support his contention that, when reconsidering its decision to reduce a penalty, a Court of Military Review cannot reinstate all or part of an original sentence when it exceeds the announced judgment:

 First, once "a sentence has been announced," RCM 1009(b), Manual for Courts–Martial, United States, 1984, prohibits its being increased upon reconsideration by court-martial members or military judges, except in those instances where mandatory penalties are involved. Second, a convening authority cannot increase a sentence when he acts on a case. *See* RCM 1107(d)(1). Third, proceedings in revision or rehearings are limited in scope when it comes to increasing a previously adjudged sentence. Arts. 60(e)(2)(C) and 63, UCMJ, 10 USC §§ 860(e)(2)(C) and 863, respectively; RCM 810(d)(1).

 These limitations, however, apply only to the actions of convening authorities, reconsiderations by courts-martial, and rehearings; they do not apply to Courts of Military Review, either specifically or by implication. Additionally, there is no constitutional impediment or limitation on reconsideration by appellate courts of previous decisions which result in more severe burdens on criminal defendants. *Forman v. United States,* 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed. 2d 412 (1960); *cf. United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). Therefore, we hold that there is no constitutional impediment or restriction imposed by the Uniform Code or the Manual for Courts–Martial pertinent to the authority of a Court of Military Review to reconsider its decision in this or any other case.

The decision-on-reconsideration of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judge SULLIVAN concurs.

EVERETT, Chief Judge (dissenting):

I

On July 7, 1987, a military judge sitting as a special court-martial found Conley guilty of an unauthorized absence of more than 14 months, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, and sentenced him to a bad-conduct discharge, forfeiture of $435 pay per month for 6 months, and reduction to pay grade E-1. On the next day the defense submitted a clemency request that the convening authority disapprove or suspend the punitive discharge. On July 29, the staff judge advocate submitted his recommendation for the sentence to be approved; and, in connection therewith, he summarized Conley's service record, including his disciplinary history of two non-judicial punish-

ments under Article 15, UCMJ, 10 USC § 815.

After initially obtaining an enlargement of time to file an assignment of error in the Court of Military Review, appellate defense counsel submitted the case to that court without specific assignment of error on January 22, 1988; and on February 4, 1988, the Court of Military Review issued this per curiam opinion:

The accused can be adequately punished without an unsuspended bad-conduct discharge. Accordingly, the findings of guilty and only so much of the sentence as provides for forfeiture of $435.00 per month for 6 months and reduction to pay grade E–1 are affirmed.

On February 24, 1988, the decision of the Court of Military Review was mailed to Conley by certified mail. On that same day, the Government moved for reconsideration. In that motion, appellate Government counsel called attention to "The Nature and Seriousness of the Offense"; "The Lack of Any Substantial Extenuating Circumstances"; "The Character Of The Offender"; and "The Reasonableness Of The Review Below." In concluding its argument the Government asserted:

This Court's action in this case does not serve the purpose of eliminating sentence disparity given the seriousness of the offense, the lack of mitigation, and the insignificant remaining punishment. In fact, this Court's setting side [sic] of what appears to be an appropriate sentence injects confusion which can serve to increase sentence disparity. *This confusion arises particularly from the Court's failure to articulate a reason for its decision.* That failure, supplemented by the gravity of the offense, suggests that the reduction of the sentence to virtually no punishment is an act of clemency rather than an exercise of this Court's power to render an inappropriate sentence appropriate. The message received by the sentencing court and the convening authority is that they have somehow erred in the execution of their duties. However, the message is incomprehensible and offers no guidance given the summary disposition by this Court.

Motion at 5 (emphasis added).

On March 9, a supplementary special court-martial order was promulgated by the Commanding General at Camp Lejeune which stated that

only so much of the sentence as promulgated in Special Court–Martial Order Number 45–87, Headquarters Battalion, Marine Corps Base, Camp Lejeune, dated 7 August 1987, as provides for forfeiture of $435.00 pay per month for six months and reduction to pay grade E–1, has been affirmed pursuant to Uniform Code of Military Justice, Article 66 (NMCM 87 4027).

However, on March 10, 1988, the Court of Military Review issued this per curiam decision:

We have granted the Government's motion for reconsideration of our prior decision in this case in which we disapproved the bad-conduct discharge, finding it inappropriate. Upon reconsideration we conclude that an unsuspended bad-conduct discharge is appropriate. Accordingly, our decision of 4 February 1988 in this case is set aside. The findings and sentence as approved on review below are affirmed.

## II

I agree with the majority opinion that the Court of Military Review is not subject to the same limitations that apply to a court-martial or to a convening authority. Its power to reconsider and increase a sentence does not vanish when it has first issued its decision. However, I am persuaded that in the present case the decision on reconsideration should be set aside.

To some extent, I am disturbed by the Court of Military Review's disregard of that old legal maxim, "What's sauce for the goose is sauce for the gander." After the initial decision, the Government complained in its motion for reconsideration that the court had created confusion be-

cause of its "failure to articulate a reason for its decision." Frankly, I find little difficulty in understanding the language used by the Court of Military Review in its original decision—"[t]he accused can be adequately punished without an unsuspended bad-conduct discharge." What I find "incomprehensible" is why 5 weeks later the Court of Military Review changed its mind. No explanation is provided by the court's second opinion; and the Government's motion for reconsideration relies on information that was in the record of trial all along and presumably was known to the three members of the Court of Military Review when they rendered their original decision.

I would be less concerned by this 180–degree reversal if it did not create the appearance that the Government had expressed its dislike for a sentencing decision, and the court had promptly caved in and reversed itself. Of course, I am well aware that these military appellate judges value their independence and would never be guilty of such a judicial sin, *cf. United States Navy–Marine Corps Court of Military Review v. Carlucci*, 26 MJ 328 (CMA 1988). Nonetheless, the precedent being set is a bad one.

Therefore, I would vacate the second decision and remand the case to the Court of Military Review—which then could either deny the motion for reconsideration or else grant reconsideration and render a new decision with an adequate explanation for the court's change of mind. To require less than this casts an undue blemish on the military justice system in general and the Court of Military Review in particular.